**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| MACHELLE AVERETT, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | ) CASE NO: |
| CMH HOMES, INC., D/B/A CLAYTON MOBILE HOMES | ) 1-23-CV-068-KFP |
| | ) |
| DEFENDANTS. | ) |
| | ) |

*Received 2023 FEB -2 A 10:40 — TREY GRANGER, CLK, U.S. DISTRICT COURT, MIDDLE DISTRICT ALA*

## ANSWER OF CMH HOMES, INC.

Defendant CMH Homes, Inc. ("CMH") answers the Complaint as follows:

**The Parties**

1. Upon information and belief, admitted.

2. Admitted.

## COUNT I

**Breach of Warranty by Seller**

3. CMH adopts and incorporates its responses to the Complaint by reference.

4. Admitted.

5. Denied.

6. Denied.

1

7. CMH admits that Ms. Averett entered into written agreements for the purchase of a manufactured home that speak for themselves. CMH denies any inconsistent characterization of the written documents and denies all remaining allegations.

8. CMH admits that Ms. Averett entered into written agreements for the purchase of a manufactured home that speak for themselves. CMH denies any inconsistent characterization of the written documents and denies all remaining allegations.

9. CMH admits that Ms. Averett entered into written agreements for the purchase of a manufactured home that speak for themselves. CMH denies any inconsistent characterization of the written documents and denies all remaining allegations.

10. CMH admits that Ms. Averett entered into written agreements for the purchase of a manufactured home that speak for themselves. CMH denies any inconsistent characterization of the written documents and denies all remaining allegations.

11. CMH admits that Ms. Averett entered into written agreements for the purchase of a manufactured home that speak for themselves. CMH denies any inconsistent characterization of the written documents and denies all remaining allegations.

12. CMH admits that the home was delivered in September 2021. CMH denies the remaining allegations.

13. Denied, including all subparts.

14. CMH admits that the home came with limited written warranties that speak for themselves. CMH denies any inconsistent characterization of the written documents and denies all remaining allegations.

## COUNT I[1] – FRAUD

15. CMH adopts and incorporates its responses to the Complaint by reference.

16. CMH admits that the home came with limited written warranties that speak for themselves. CMH denies any inconsistent characterization of the written documents and denies all remaining allegations.

17. CMH lacks sufficient to admit or deny the allegations regarding Plaintiff's subjective beliefs. Therefore, denied.

18. Denied, including all subparts.

CMH denies that Plaintiff is entitled to the unnumbered *ad damnum* clause beneath Paragraph 18, including all subparts.

## COUNT II – BREACH OF EXPRESS WARRANTY

19. CMH adopts and incorporates its responses to the Complaint by reference.

---

[1] The Complaint sets forth two Count I's. However, the first Count I appears to be limited to factual averments applicable to all counts.

3

20. Denied.

21. Denied.

22. Denied.

CMH denies that Plaintiff is entitled to the unnumbered *ad damnum* clause beneath Paragraph 22, including all subparts.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

23. CMH adopts and incorporates its responses to the Complaint by reference.

24. CMH avers that the allegations of Paragraph 24 constitute a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

25. Denied.

26. Denied.

27. Denied.

CMH denies that Plaintiff is entitled to the unnumbered *ad damnum* clause beneath Paragraph 27, including all subparts.

## COUNT IV – BREACH OF MAGNUSON-MOSS WARRANTY ACT

28. CMH adopts and incorporates its responses to the Complaint by reference.

29. CMH avers that Paragraph 29 amounts to a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

30. CMH avers that Paragraph 30 amounts to a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

31. CMH avers that Paragraph 31 amounts to a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

32. CMH avers that Paragraph 32 amounts to a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

33. CMH avers that Paragraph 33 amounts to a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

34. CMH avers that Paragraph 34 amounts to a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, denied.

35. Denied.

CMH denies that Plaintiff is entitled to the unnumbered *ad damnum* clause beneath Paragraph 35, including all subparts.

### AFFIRMATIVE DEFENSES

CMH asserts the following affirmative defenses to the claims asserted in the Complaint:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff's claims are subject to a pre-dispute, binding arbitration agreement.

3. The Plaintiff failed to name indispensable parties.

4. The Plaintiff failed to mitigate their damages, if any.

5. The Plaintiff's claims are barred by laches, waiver, or estoppel.

6. The Plaintiff's damages, if any, were caused by the acts or omissions of others over whom CMH had no control.

7. The Plaintiff misused or failed to maintain the home.

8. If CMH made repairs to the home, they were made correctly.

9. The Plaintiff's damages, if any, were caused by an intervening or superseding cause.

10. CMH breached no duty owed to the Plaintiffs.

11. The Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

12. CMH pleads the provisions and limitations of any applicable warranty, exclusion of warranty, and waiver of warranty.

13. The Plaintiff's claims are barred by the merger doctrine and parol evidence rule.

14. The Plaintiff accepted the home.

15. The Plaintiff's claims are barred by the doctrine of unclean hands.

16. CMH was not provided notice or opportunity to cure any alleged defects.

17. CMH contests the amount, nature, and extent of damages claimed by the Plaintiff, as well as the cause of the Plaintiff's alleged injuries and damages.

18. The Plaintiff's acts or omissions caused or contributed to her alleged damages.

19. The Plaintiffs' claims, in whole or in part, are barred by the applicable statutes of limitations or repose.

20. The Plaintiffs' claims are barred, in whole or in part, by acceptance, acquiescence, release, and accord and satisfaction.

21. CMH pleads the provisions and limitations of any and all applicable warranty agreements.

22. CMH reserves the right to amend or supplement its Answer, affirmative defenses, or any other pleadings after further discovery.

Respectfully submitted,

*[signature]*

Daniel Weber ASB-2846-C13I
dsweber@smgblawyers.com
(205) 876-1628

*[signature]*

Nicholas Hoisington ASB-9919-W46O
nickh@smgblawyers.com
(205) 715-3552

SIMPSON, MCMAHAN, GLICK & BURFORD
100 Concourse Parkway
Suite 310 West Tower
Hoover, Alabama 35244
Attorneys for CMH Homes, Inc.

## CERTIFICATE OF SERVICE

I certify that on February 2, 2023, I filed this document through the Court's electronic filing system, which will send notice of this filing to counsel of record for all parties. This filing was also mailed via U.S. mail, postage pre-paid, to the following persons:

David K. Hogg
david@hogglaw.com
(334) 479-8070
P.O. Box 6106
Dothan, Alabama 36302

*[signature]*

Daniel Weber

8