IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACHELLE AVERETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 1:23-cv-68-ECM |
| ) | (WO) |
| CMH HOMES, INC., d/b/a CLAYTON ) | |
| MOBILE HOMES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court are the Plaintiff's motion to remand (doc. 5) and the Defendant's motion to strike the Plaintiff's affidavit (doc. 14). Plaintiff Machelle Averett ("Averett") filed a complaint in the Circuit Court of Houston County, Alabama, on December 31, 2022, against Defendant CMH Homes, Inc. ("CMH"). (Doc. 1-1). She alleged that, associated with the sale of a manufactured home, CMH committed fraud, breached an express warranty, breached an implied warranty of merchantability, and breached the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ("MMWA"). CMH removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332, and federal-question jurisdiction, 28 U.S.C. § 1331. Averett is a citizen of Alabama (doc. 1 at 2) and CMH is a citizen of Tennessee (doc. 1-3 at 1). The Court finds, therefore, that there is complete diversity in this case. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998).

However, the complaint does not specify the amount in controversy requirement for diversity jurisdiction. Consequently, Averett moves to remand the case back to state court. (Doc. 5). CMH opposes this motion. (Doc. 13). The motion to remand has been fully briefed and is ripe for review. Upon consideration of the motion, the briefs, and the applicable law, the Court concludes that both complete diversity and the amount in controversy are satisfied, and the motion to remand is due to be DENIED.[1]

## II.  STANDARD OF REVIEW

In examining the issue of diversity jurisdiction, the Court is mindful that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley and Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377). Federal courts can hear cases removed from state court if the plaintiff could have originally brought the claims in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

To establish diversity jurisdiction, the removing party must not only demonstrate that the parties are completely diverse, but also that the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752–54 (11th Cir. 2010). In a case where there is no specified "demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional

---

[1] Because the Court concludes it has jurisdiction based on diversity of citizenship, it does not address CMH's federal-question jurisdiction argument.

2

requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (alteration adopted) (citation omitted). Furthermore, removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

### III. FACTS AND BACKGROUND

Averett purchased a manufactured home from CMH for $70,519.33 on December 22, 2020. She financed the purchase by trading in her previous manufactured home valued at $6,900 and by financing the remainder of the cost at interest. Averett allegedly informed CMH before the purchase that she needed the home to have an updated ventilation system and be handicap accessible due to her respiratory illness and a disability. According to Averett, however, the manufactured home CMH delivered did not meet those standards, nor the basic workmanship and quality for which she paid. Furthermore, the CMH workers who installed the home allegedly failed, as the parties had agreed at signing, to clean up the work site before leaving.

Based on the sales agreement and the alleged failure to produce the agreed upon manufactured home, Averett sued CMH in the Circuit Court of Houston County, Alabama. (Doc. 1-1). Averett listed four causes of action: fraud (Count I);[2] breach of express warranty (Count II); breach of implied warranty of merchantability (Count III); and breach of the MMWA (Count IV). In each claim, Averett clarified the remedies she seeks for the alleged liability. In Counts I, II, and IV, she seeks compensatory damages "for the loss of

---

[2] In her motion to remand, Averett indicates that she mislabeled the "Fact" section of her complaint as "Count I Breach of Warranty by Seller." (Doc. 5 at 1). The Court adopts her representation and construes the portion of her complaint labeled "Count I Breach of Warranty by Seller" not as a cause of action but as a "Fact" section.

value to her home and for the cost of making needed repairs and improvements." (Doc. 1-1 at 11, 13).  For all Counts, she seeks compensatory damages "for personal injury and sickness she has suffered from the failure of installation of agreed-upon ventilation." (*Id.* at 11, 12, 13).  Additionally, for each Count, she seeks compensatory damages "for the mental anguish and emotional distress she has suffered because the breach of warranty and other promises have affected her residence." (*Id.* at 11, 12, 14).  In Counts III and IV, Averett asks for a "[r]escission of the contract for sale of the home and restitution in the amount of all sums expended by Ms. Averett on account of said contract, including the value of the traded-in mobile home." (*Id.* at 12).  Finally, for Count I, she seeks "[p]unitive damages on account of the willful and intentional nature of CMH's fraud." (*Id.* at 11).

Averett filed an affidavit accompanying her motion to remand.  Therein, she stated her opinion that the manufactured home at issue in this case "was worth about $20,000 at the time [she] purchased it due to its many defects in materials and workmanship." (Doc. 7 at 3).  Additionally, she thought "the home could be rented for $550 per month." (*Id.*).

## IV.  DISCUSSION

### A.    Motion to Remand

CMH removed this case based on diversity jurisdiction.  The parties do not dispute that there is complete diversity here—Averett is a citizen of Alabama and CMH is a citizen of Tennessee.  However, the complaint does not state the amount of damages sought.  Because Averett does not specify the amount of damages in her complaint, CMH must establish by a preponderance of the evidence that the amount in controversy was met at the time the case was removed to this Court. *See Pretka*, 608 F.3d at 752.

Even when "the complaint does not claim a specific amount of damages," it may be "'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Roe*, 613 F.3d at 1061.  In these circumstances, to determine the propriety of removal, courts must determine whether the documents in front of them "unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007).  The Eleventh Circuit, in *Roe*, advised courts to apply "judicial experience and common sense" to the allegations of the complaint regarding the plaintiff's injuries and the damages sought. *Roe*, 613 F.3d at 1062.  In other words, "a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." *Id.* (alteration adopted) (citation omitted).

Based on the representation in her affidavit, Averett maintains that the maximum amount of economic damages she can seek in this case is $40,619.33.  She reaches this number by subtracting the purported value of the manufactured home at the time of purchase due to the defects ($20,000) and the fair market rental value for the eighteen months she lived in the home ($9,900) from the sales price ($70,519.33). (Doc. 5 at 9). According to Averett, because $40,619.33 is the only concrete amount apparent on the face of the complaint, and because CMH has not produced evidence of any other damages sought, CMH has not satisfied its burden to show the amount in controversy surpasses $75,000.  CMH, on the other hand, argues that, considering the economic, mental anguish, and personal injury damages sought, along with the punitive damages claim, the amount in controversy easily exceeds $75,000.

Averett's complaint details extensive injuries caused and exacerbated by CMH's alleged wrongdoing. She allegedly told CMH prior to the manufactured home's purchase "that she suffered from various health issues including chronic bronchitis and asthma and would need vents in the ceiling and handrails and handicap modifications throughout the home to accommodate an expected decline in her health." (Doc. 1-1 at 7–8). While Averett claims CMH told her that the home would have these features, the delivered home did not have them. Averett also listed at least nineteen defects in materials and workmanship in the delivery, setup, and construction of the home. Based on these shortcomings, Averett seeks recission of the sales contract, restitution of the sums expended, and compensatory damages for loss of value, cost of repairs, personal injury, sickness, mental anguish, and emotional distress. Additionally, she seeks punitive damages for the willful and intentional nature of CMH's purported fraud.

In her argument for remand, Averett only addresses her economic damages in the complaint, altogether failing to address the extensive compensatory and punitive damages sought for the personal injury, sickness, mental anguish, emotional distress, and fraud. Although Averett's affidavit may be informative as to the value of the home at the time of removal, it is not a stipulation limiting the amount of damages she can and will seek in this case. *See, e.g.*, *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1302–03 (M.D. Ala. 1999) (granting remand where, to defeat federal jurisdiction, plaintiff filed a stipulation "specifically bind[ing]" her to accept no more than $75,000 in damages). Even assuming her calculation for the economic damages at $40,619.33 is correct, to exceed the jurisdictional minimum, CMH need only show by "a preponderance of the evidence" that

6

all other damages sought in the complaint more likely than not amount to over $34,380.67. *See Roe*, 613 F.3d at 1061.

The Court finds that CMH has demonstrated that the additional damages sought by Averett on the face of the complaint, particularly compensatory damages for emotional distress and personal injury and punitive damages for fraud, more likely than not exceed $34,380.67, thereby bringing the amount in controversy over $75,000. *See id.* Averett's complaint lists sundry health issues aggravated by CMH's purported wrongdoing. Possible punitive damages for fraud likely pushes her over the edge of the jurisdictional amount. *Johnson v. McMurray*, 461 So. 2d 775, 779 (Ala. 1984) (allowing punitive damages for fraud claims); *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (holding in "determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered").

Applying judicial common sense to Averett's complaint, CMH has shown by a preponderance of the evidence that she seeks non-economic damages in excess of $34,380.67. This quantity, on top of economic damages amounting to *at least* $40,619.33, pushes the likely amount of controversy in this case over $75,000. In *Merriweather v. Digsby*, for example, the plaintiff alleged that injuries caused by the defendant "aggravated her preexisting medical conditions and caused her to incur medical expenses." 2021 WL 2935936, at *2 (N.D. Ala. July 13, 2021). Those "damages alone," the court found, "could plausibly exceed the jurisdictional minimum for diversity cases." *Id.* Moreover, "[t]he possibility of punitive damages" only added to the amount in controversy and further

7

undermined the grounds for the plaintiff's motion to remand. *Id.* The alleged intentionality by the defendant in making a "conscious decision" to injure the plaintiff raised the plausibility of punitive damages. *Id.*

So too here, Averett details extensive health injuries caused and exacerbated by CMH's alleged wrongdoing. Moreover, she alleges that CMH knew that she requested handicap modifications and had health concerns, yet it "intentional[ly]" failed to deliver the requested home. (Doc. 1-1 at 11). The complaint, therefore, plausibly raises the possibility of economic damages, personal injury damages, emotional distress damages, and punitive damages over the jurisdictional minimum. *See Merriweather*, 2021 WL 2935936, at *2; *see also Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009) ("The compensatory damages . . . alone constitutes approximately one third of the jurisdictional minimum. When the punitive damages claims . . . are considered in relation to both the compensatory damages claims and the conduct alleged, a punitive award of slightly more than double the compensatory damages claim . . . exceeds the jurisdictional minimum."). Accordingly, CMH has established by a preponderance of the evidence that, at the time of removal, the amount in controversy exceeded the jurisdictional amount and the Court has jurisdiction over this case. Averett's motion to remand is due to be denied.

**B.     Motion to Strike**

CMH asks the Court to strike Averett's affidavit accompanying her motion to remand. The affidavit, according to CMH, improperly sought to "divest the Court of jurisdiction by virtue of post-removal activit[y]." (Doc. 14 at 1). In response, Averett

8

claims she attached the affidavit "not [to] seek to reduce the amount in controversy after removal, but rather to show the amount in controversy as it stood at the time of removal." (Doc. 15 at 1). Because CMH only objects to the affidavit based on jurisdictional issues, CMH's motion to strike is due to be denied. Nonetheless, Averett's affidavit does not change the Court's analysis on whether it retains jurisdiction.

## V. CONCLUSION

Accordingly, for good cause, it is

ORDERED that the Plaintiff's motion to remand (doc. 5) is DENIED. It is further

ORDERED that the Defendant's motion to strike (doc. 14) is DENIED.

DONE this 17th day of July, 2023.

                                        /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE