IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACHELLE AVERETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 1:23-cv-68-ECM |
| | ) [WO] |
| CMH HOMES, INC., d/b/a CLAYTON MOBILE HOMES, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION and ORDER**

Plaintiff Machelle Averett brought this suit against Defendant CMH Homes, Inc. d/b/a Clayton Mobile Homes ("CMH Homes") in Alabama state court.  The Plaintiff purchased a home from CMH Homes in December 2020.  After the Defendant delivered the home and the Plaintiff took possession, the Plaintiff allegedly experienced problems with the materials and workmanship of the home, including a lack of promised vents and handrails, warped vinyl on the outside of the home, a leaking kitchen sink, and a failure to remove debris left from the removal of the traded-in mobile home.  The Plaintiff brings claims against the Defendant for fraud, breach of express warranty, breach of implied warranty of merchantability, and breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.  The Plaintiff seeks damages, attorney's fees, and costs.

The Defendant removed the case to this Court on February 2, 2023. (Doc. 1).  The Court has jurisdiction over this matter pursuant to its diversity jurisdiction. *See* 28 U.S.C. § 1332.  The parties are completely diverse and the amount in controversy exceeds $75,000,

exclusive of interests and costs. (Doc. 19); *see* 28 U.S.C. § 1332.  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations to support both.

 Now pending before the Court are the Defendant's motion to compel arbitration, (doc. 21), and motion to stay all proceedings and discovery, (doc. 22).  The Court ordered the Plaintiff to file a response to the motions on or before August 18, 2023. (Doc. 23).  The Plaintiff did not respond, so the Court ordered the Plaintiff to show cause as to why she failed to comply with the order. (Doc. 26).  The Plaintiff responded on September 5, 2023 and represented to the Court that she consents to arbitration. (Doc. 27).

 When the Plaintiff purchased her home, the Plaintiff and the Defendant signed a Binding Dispute Resolution Agreement ("BDRA"). (Doc. 21-1).  In the BDRA, the Defendant and the Plaintiff agreed to "resolve all disputes pursuant to the terms of this Binding Dispute Resolution Agreement." (*Id.* at 1).  The BDRA provides that all claims shall first be submitted to mediation with a mutually agreeable mediator. (*Id.*).  The BDRA further contains an arbitration agreement, in which the Plaintiff and the Defendant agreed to "mandatory, binding arbitration" of all claims not resolved in mediation. (*Id.*).  The BDRA applies to "all pre-existing, present, or future disputes, claims, . . . and causes of action against [Defendant], including, but not limited to, common law claims, contract and warranty claims, [and statutory claims] . . . arising out of or relating to," among others, "the modular or manufactured home(s) purchased, sold, owned, occupied and/or delivered in any transaction with [Plaintiff], . . . any products, goods, services, insurance, supplemental warranty, service contract, and real property . . . , [and] the design and construction of the Home." (*Id.*).

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Based on the Defendant's motion and the Plaintiff's response, the Court finds that a valid agreement to arbitrate exists and that the arbitration provisions satisfy the FAA's requirement of a contract "involving commerce." *See id.*  Section 3 of the FAA empowers the Court to stay this action while the parties submit to arbitration. *See id.* § 3. Accordingly, upon consideration of the Defendant's motions, and for good cause, it is hereby

ORDERED that the motion to compel arbitration and the motion to stay all proceedings and discovery (docs. 21, 22) is GRANTED, and this case is STAYED pending further Orders of this Court so the parties may submit to arbitration.  It is further

ORDERED that **on or before the fifth day of each month, beginning on March 1, 2024**, the parties shall file a joint status report advising the Court of the status of the arbitration.

DONE this 6th day of September, 2023.

        /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE